# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

ANTONIO K. WARD,

    Defendant.

Case No. 3:17CR118

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1]

This case came before the Court for plea proceedings on December 20, 2017 following referral to the undersigned pursuant to Fed. R. Crim. P. 59. Assistant United States Attorney Brent Tabacchi appeared on behalf of the Government. Peter Russell Certo, Jr. appeared and represented Defendant, whom also appeared. Defendant, through counsel, orally consented to proceed before the United States Magistrate Judge for the change of plea hearing.

The undersigned examined Defendant under oath as to his understanding of the plea agreement, which Defendant acknowledged in open court. The undersigned also examined Defendant under oath concerning the effect of entering a plea pursuant to that Agreement. Having conducted that colloquy, the Magistrate Judge concludes that Defendant understands the rights waived by entering a guilty plea, and is fully competent to enter a guilty plea.

Based on the foregoing, the Magistrate Judge concludes that Defendant's guilty plea to amended Count Two of the Indictment is a knowing, intelligent and voluntary plea. The Court also concludes that the Statement of Facts made part of the Plea Agreement, the truth of which

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Defendant acknowledged in open court, provides a sufficient factual basis for a finding of guilt. It is therefore respectfully recommended that: (1) the Court accept Defendant's guilty plea as to amended Count Two, and (2) Defendant be found guilty as charged in amended Count Two of the Indictment.

Prior to the plea hearing, Judge Rice had referred Defendant for a pre-sentence investigation. At the conclusion of the plea hearing, the Magistrate Judge remanded Defendant to the custody of the United States Marshal.

December 20, 2017                              **s/Michael J. Newman**
                                                United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).