THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:17-cr-118 |
| v. | : | |
| ANTONIO WARD, | | Judge Walter H. Rice |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (DOC. #34) OF DEFENDANT ANTONIO WARD

Before the Court is the Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Motion," Doc. #34) of Defendant Antonio Ward. For the reasons set forth below, the Motion is OVERRULED.

I. **Factual Background and Procedural History**

On January 5, 2018, Defendant was given a net sentence of 144 months imprisonment after being convicted of attempted possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl. (Judgment, Doc. #31[1], citing 21 U.S.C. § 841(a)(1), (b)(1)(C); Indictment, Doc. #9). The judgment was later reduced to a net sentence of 133 months. (Order,

---

[1] The Judgment is sealed. No non-public information is disclosed in this Order.

Doc. #38). Defendant is forty-eight years old with a present release date of February 21, 2026.[2]

On August 5, 2021, Defendant filed the instant Motion[3] *pro se*, stating that he submitted a request for compassionate release to his warden on December 21, 2020, which was denied on January 21, 2021. (Doc. #34, PAGEID 98; *accord*: Denial, Doc. #34-1, PAGEID 104 (Warden, on January 21, 2021, denied a request for medical release from Defendant, dated January 7, 2021)). He claims that he has a "serious physical or mental condition," and that there are other extraordinary and compelling reasons for his release (*id*. at PAGEID 100), but he identifies neither the condition nor the other reasons in the Motion proper.

The matter is ripe for decision.

## II. Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a

---

[2] https://www.bop.gov/inmateloc/ (last accessed Aug. 28, 2024).

[3] Defendant filed the Motion and its attachments under seal, presumably because they contain Defendant's health and other personal information. No confidential information from the Motion is mentioned in the Order.

2

reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. [4]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

---

[4] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id.* at 519-20.

3

### III. Analysis

Defendant has failed to set forth an extraordinary and compelling reason justifying release. While Defendant states in his Motion that he suffers from a serious medical condition, he does not specify what that is. Moreover, a review of his prison medical records (Doc. #34-2) reveals largely normal findings and complaints of minor ailments, with no record of hospitalization or being sent off-site for treatment. Defendant also fails to identify a non-medical condition or situation that would constitute a reason for release. Even construing the Motion liberally, as it must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the Court can only conclude that Defendant has not set forth an extraordinary and compelling reason for release, and his Motion fails for that reason alone. *Elias*, 984 F.3d at 519.

### IV. Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. #34) is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 30, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT